Reese, J.
delivered the opinion of the court.
The plaintiff in error- some years since sued out an attachment bill against the defendant, in the Chancery Court at Dán-dridge, as anon-resident debtor; in .the trial of which it was determined by the Supreme Court, at this place, for the reasons stated in the report of the case, (1 Humphreys,) that the Court of Chancery had no jurisdiction, the residence and dom-icil of the defendant, upon the facts proved in the case, being held by the court to have continued in Tennessee, and not to have been tranferred to Georgia, as alledged in the attachment bill.
This action on the case was brought by Story against Smith, . to recover damages for the wrongful suing out of the attachment and costs of suit. Upon the trial of the cause in the Circuit Court, two questions were made by the counsel of defendant, Smith, upon which the charge of the court was requested.
' 1st. That the plaintiff’s action was misconceived* and’ that his remedy, if any, was upon the bond taken on the filing of the bill and the issuance of the attachment.
2d. If the action in the form brought could be maintained, that then it was incumbent on the plaintiff to make out, as required in an action at common law for malicious .prosecution, that the proceedings in said bill and attachment were false and unfounded; that they were instituted without reasonable or probable cause; that there was malice on the part of the complainant in instituting the same, and that the injuries and wrongful acts alleged in the declaration were not of a character to entitle the plaintiff to recover damages in this action.
*172 Upon the first point, the court charged, that it was indispensably incumbent on the plaintiff, before entitling himself to any right of action on the attachment bond, first to bring an action on the case for the wrongful suing out of the attachment, in order to ascertain his damages; and on the second • point, the court charged, that falsehood in the matter of the former suit, want of probable cause, malice, and the nature of the damages or injury sustained, applied only to common law actions, but not to this action; that this was a mere action or remedy prescribed by our own attachment law, to which these common law principles did not apply; that the Legislature intended to make the simple fact of the wrongful suing" out of the attachment, under any circumstances, actionable, &c.
As to the first point we do not think there is any error in the opinion of the court, of which, at least, the plaintiff in error can complain. The proposition of the counsel, that in every case the action for the wrongful suing out of the attachment must be brought upon the bond, is certainly too broadly laid down. The bond is given to secure the payment of the costs and damages that may be recovered for wrongfully suing out the process; that recovery need not be in the first instance upon the bond. It would be inconvenient, to say the least, to sue the principal and surety upon the bond for the purpose of ascertaining the damages which he is entitled to recover, the non-payment of which would constitute the breach of the bond to be assigned in such actions. On the other hand, the bond is to secure costs as well as damages for wrongfully suing out the process. And we are not prepared to say, that an action could not be brought upon the bond to recover both.
The second point involves the enquiry, whether, if a party, his agent or attorney, under the influence of the strongest probable cause, and the most unquestionable bonajides, shall sue out an attachment, at law or equity, and shall be mistaken on the score, either of defendant’s indebtedness, or of his' conduct and situation entitling the plaintiff to the process, or if the magistrate or clerk shall omit to pursue the form of law, so that the process be quashed, such party shall, in any or in all these cases, be held liable to action, and be subject to damages.
*173 The charge of the court in this case implies, that such would be the fact. In this we think the Circuit Court was mistaken. Much as the attachment laws have been abused in practice, and rigid as has always been the supervision of the courts over the conduct of plaintiffs seeking to enforce them, it has never hitherto been held, that mere want of success in maintaining the action or the process, shall per se, put the plaintiff in the wrong, and subject him for such wrong to the action of the defendant. The statute provides for no such thing; it specifies no ground of action; it merely requires bond to secure such damages as may be recovered. For the.grounds and principles upon which damages shall or may be recovered, the jury are‘to look to the common law. Is there an abuse of the process of the court? Is the claim of the plaintiff false? Was there no probable cause to resort to the use of the process? Was there mala fidesf Were fraud and oppression the object of the suit, or of resort to the process? Such are the facts, or some of them; such the motives which must be attached to the conduct of the plaintiff in the attachment suit. To hold, that any plaintiff at law or in equity, who sues by attachment and process, subjects himself, without more, to an action, would fill the courts with suits, or suppress the use of the process altogether. The principles of. the common law, therefore, on the subject of actions for malicious suits, must apply, modified by the nature of the case. Such is the opinion of the courts of North Carolina, and we are not aware of the fact, that it has been otherwise held any where. Let the judgment be reversed and a new trial be awarded.